Gershengorn, Wendie I., J.
This case deals with a dispute over the renovation of a residential home. The third-party defendants are moving to dismiss all claims against John Phillips (“Phillips”) and Raul Moreno (“Moreno”), and only the conspiracy claim against all three third-party defendants. For the following reasons, the third-party defendants’ motion to dismiss is ALLOWED as to all claims against Moreno, is ALLOWED as to the conspiracy claim against all of the third-party defendants, but is DENIED as to the other claims against Phillips.

BACKGROUND

The following facts are taken from the First Amended Third-Party Complaint. Pursuant to Mass.R.Civ.P. 12(b)(6), this court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiff s favor. Eyal v. Helen Broad Corp., 411 Mass. 426, 429 (1991). In June 2005, Joseph Jr. (“Joseph”) and Susan Saia (collectively, the “Saias”) wanted to renovate their residence at 76 Briarwood Road in Waltham, Massachusetts (the “residence”). Juan Taco (“Taco”) was an acquaintance of the Saias. He represented himself to the Saias as a qualified home improvement contractor who worked independently, not with a corporation. Taco and the Saias reached an oral agreement for the renovation of the residence; they did not put their agreement in writing.
Moreno worked on the renovation. At one point, Taco introduced Moreno to the Saias as Taco’s son-in-law, but never indicated that Moreno was affiliated with any corporation. The Saias only saw Phillips at the residence on one occasion during the renovations. At that time, the Saias asked Taco what Phillips was doing at their residence. Taco informed them that Phillips “just wanted to see the place.” The Saias, however, knew of Phillips as he used to live in their old neighborhood. The Saias had heard that Phillips once owned a construction company that had gone out of business and that Phillips did not have steady employment.
In June 2006, the Saias learned that Phillips was responsible for signing the Building Permit Application (“the Application”) for the renovations at the residence. Phillips signed the Application as the “construction supervisor” for the job. Taco also signed the Application on behalf of JAT Construction, which was listed as the “Registered Home Improvement Contractor.” The Application purportedly bears the signature of Joseph Saia, but Joseph never signed such a document. In fact, he did not know the document even existed until June 2006.
The work and the supervision at the residence were not up to par. The Saias will have to pay $58,000.00 to have the work completed and/or repaired. Taco, Moreno, and Phillips have refused to take any action towards fixing the residence. Therefore, on June 6, 2006, the Saias sent the third-party defendants a G.L.c. 93A demand letter. On June 28, 2006, the third-party defendants’ counsel responded to the demand letter, but without a reasonable settlement offer.
On November 21, 2006, this court (Henry, J.) dismissed all claims made by the Saias against Phillips and Moreno, but allowed the Saias to amend their complaint. The Saias filed their First Amended Third-Party Complaint on December 22, 2006. The third-party defendants are now moving to dismiss the claim of conspiracy against all three of them, as well as all other claims against Phillips and Moreno.

DISCUSSION

Plaintiffs “need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985). A complaint should not be dismissed if it states enough facts to state a claim to relief that is plausible. Bell Atlantic Corp. v. Twombly, No. 05-1126, 2007 WL 1461066 (U.S. May 21, 2007).

A. Conspiracy

The third-party defendants move to dismiss the civil conspiracy claim (count V) the Saias brought against all three of them. The Saias allege that the third-party defendants conspired to forge Joseph Saia Jr.’s signature on the Application and to keep the contents of the Application unknown to the Saias so that the Saias would not be aware of the identity of the real contractor and workers involved in the renovation. However, the third-party defendants contend that the Saias do not allege the appropriate elements to constitute a claim of conspiracy. They argue that the claim for conspiracy should be dismissed because the Saias have not al *547 leged any coercion on the part of the third-party defendants.
In Massachusetts there are two types of civil conspiracy. The element of coercion is required only with respect to the first type “where the wrong [is] in the particular combination of defendants rather than in the tortious nature of the underlying conduct.” Kurker v. Hill, 44 Mass.App.Ct. 184, 187 (1998). The Saias make no allegations of coercion, and therefore they have not pled the first type of conspiracy. The second type of civil conspiracy does not require the element of coercion. Id. at 189. This type conspiracy is derived from “concerted action” and is limited to cases which “manifest a common plan to commit a tortious act where the participants know of the plan and its purpose and take affirmative steps to encourage the achievement of the result.” Id. at 189. The second type of conspiracy is also not applicable here where there is no allegation of any type of common plan that all of the third-party defendants knew of and were working towards achieving. Therefore, the conspiracy claim must be dismissed.

B. Claims Against Phillips

The Saias also allege breach of warranty (count II), negligence (count III), fraud (count IV), and a violation of G.L.c. 93A (count VII) against Phillips. It is Phillips’s contention that the Saias have not identified a warranty, and that Phillips does not owe a duty to them solely on the basis that he was a construction supervisor for the renovations. As for the fraud claim, Phillips argues that the Saias have failed to plead fraud with the necessary particularity. Furthermore, Phillips argues that to the extent the Saias have made out a claim of fraud, it is only sufficient as to Taco.
It is the Saias’ contention that 780 Code Mass. Regs. §RS makes construction supervisors who sign the Application responsible for the work performed. Section 110.R5.2.16 780 Code Mass. Regs. states that the Application must have the signature of a “construction supervisor who is to supervise those persons engaged in construction ... as regulated by . . . 780 CMR 108.35, 780 CMR 51.00 through 99.00 and 780 CMR 110.R5.” Furthermore, “(e)xcept for work under the control of a licensed tradesperson subject to other codes and/or regulations, the licensed construction supervisor shall be responsible for ensuring that all construction-related activities are performed in compliance with 780 CMR 51.00 through 99.00 ... At a minimum, the license holder ... as identified on the building permit application . . . shall be present on the building site to approve construction ...” Id. Taking the Saias’ allegations as true, in combination with the preceding regulations, at this time the breach of warranty and negligence claims should not be dismissed.
As to the claim for violation of G.L.c. 93A, the Saias allege that a violation of 780 Code Mass. Regs, constitutes a violation of G.L.c. 93A. It is true that a violation of “any of the provisions of 780 CMR 110.R6 and M.G.L.c. 142A shall constitute an unfair or deceptive act under the provisions of M.G.L.c. 93A.” 780 Code Mass. Regs. §R6.4.4.4. Since it is the Saias’ contention that Phillips violated aspects of 780 Code of Mass. Regs. §R6.5.1 and G.L.c. 142A, §2, at this stage in the litigation the claim for a violation of G.L.c. 93A should not be dismissed.
Phillips also contends that the court should dismiss the Saias’ claim of fraud. However, taking the Salas’ allegations as true, the courtis not convinced at this time that it should dismiss this claim. The Saias contend that Phillips signed the Application, forged Joseph’s name, and then subsequently Phillips and Taco purposely misstated and/or concealed the true reason why Phillips was at the residence during renovations because they did not want the Saias to know that Phillips was involved in the project. The Saias allege that they relied on this conduct to their detriment because if they had known that Phillips was involved in the project they never would have hired Taco. Accordingly, at this time the claims against Phillips should not be dismissed.
C. Claim Against Moreno
The Saias also allege fraud (count IV) against Moreno. In order to show fraud, the Saias must allege that the defendants misrepresented a material fact, with knowledge of its falsity, for the purpose of inducing action, and the Saias relied on the defendants’ representation as true, and acted upon such to their detriment. Reisman v. KPMG Peat Marwick LLP, 57 Mass.App.Ct. 100, 109 (2003). The Saias allege Moreno committed a fraud by not informing them that he was the president of the plaintiff JAT Construction, Inc (“JAT”). Unlike the claim against Phillips, the Saias never allege that they would not have worked with Taco or JAT had they known that Moreno was the president. Therefore, there is no allegation of reliance and this claim against Moreno should be dismissed.

ORDER

For the foregoing reasons, the third-party defendants’ motion to dismiss is ALLOWED in part as to the conspiracy claim and to the remaining claim against Moreno, and is DENIED in part as to all other claims.